## Harlan Radio Shop et al. v. Peaslee Gaulbert Company.

(Decided October 25, 1929.)

C. B. SPICER for appellants.

J. C. BAKER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, Peaslee Gaulbert Company, a corporation, filed this action in the Harlan circuit court against appellee and one of the defendants below, Harlan Radio Shop, also a corporation, and J. H. Blair, the other defendant below, seeking the recovery

of a judgment against both defendants for the sum of $952, the amount of an account due plaintiff from the corporate defendant, and representing the price agreed to be paid by the latter for nine Fada radio sets, the most of which were listed at retail prices of $250, but some of which were to be retailed at a price as low as $165. The delivery of the radio sets by plaintiff to defendant was pursuant to the terms of a written contract executed by them on November 1, 1927, whereby plaintiff, as the state distributor of Fada radio sets, employed defendant as its exclusive dealer to sell and handle them in Harlan county, and in which contract defendant agreed to pay plaintiff the wholesale listed prices of all sets that might be furnished under the contract.

While the negotiations were pending, looking to the creation of that contract, the other defendant, J. H. Blair, executed his written guaranty to become personally bound for the payment of any account that might be made by the Harlan Radio Shop with plaintiff, if the negotiations were successful. The guaranty so executed by Blair, who was the chief stockholder in the corporate defendant and its president, was not so explicitly worded. It was addressed by him to plaintiff and was phrased in these words: ''This is to certify that the undersigned do personally guarantee the account of Harlan Radio Shop as to payment.'' It was alleged in the petition that, but for that guaranty, the contract would not have been made, nor would the goods have been shipped to the corporate defendant, and that the guaranty was a part of the contract, which was so proven upon the trial, and not denied by the individual defendant, Blair.

The demurrer filed by both defendants to the petition was overruled, with exceptions. One of the independent stipulations in the contract was: ''That no radio sets or accessories are to be returned to the seller (plaintiff) by the purchaser (the corporate defendant) for credit. In case of defective merchandise, it is to be returned for inspection to the seller, who will repair or replace said merchandise at seller's option. In no case will credit be allowed for any return radio merchandise.'' There was another independent stipulation that no other dealer for the same manufacture of radios would be appointed in the same territory.

The answer relied on defects in the radios shipped by plaintiff, which was in the face of the first stipulation in the contract above referred to, and another defense

was that the agreement for exclusive handling throughout Harlan county had been violated, by plaintiff permitting the Kentucky Mining Supply Company, doing business in Harlan, Ky., to sell Fada radio sets in violation of that stipulation in the contract, and by reason of which defendant was damaged in the sum of $2,500, for which amount it sought judgment by counterclaim against plaintiff. Proper pleadings made the issues, and upon trial at the close of the evidence the court sustained plaintiff's motion for a peremptory instruction in its favor, and from the judgment pronounced upon the verdict so directed defendants prosecute this appeal.

At the trial the individual defendant, Blair, admitted his individual liability, if the defenses relied on were unavailable. It was also admitted during the trial that the account sued on was correct, and that all defenses set up in the answer were relinquished, except the one relying upon a breach of the contract "as to appointment of other agents," and all of which is thus stated in the record: "The defendant states that he is not relying upon the misrepresentations of the goods, as set out in defendants' answer, but relied only upon the allegations of a breach of the contract as to the appointment of other agents." In this court only two grounds for reversal are discussed by counsel for defendants, and which are: (1) That the court erred in overruling the demurrer filed to the petition; and (2) erred in giving the peremptory instruction to find for plaintiff the amount of its account.

The only argument in support of ground (1) made by counsel in this court is that: "There is no allegation in the petition that the Harlan Radio Shop promised and agreed to pay the amount sued upon, and none of the excerpts (from the contract) quoted in the petition shows a promise on the part of the Harlan Radio Shop to pay the account." Perhaps that argument might be successfully answered in more than one way; but a sufficient one is that the petition expressly states: "That all of said sum is just, due and wholly unpaid, and that the defendants both *agreed and promised* to pay same, and that the prices charged therefor are reasonable, just, and customary," which completely answers this contention, and also demolishes ground (1).

In support of ground (2) it is strenuously insisted by counsel for defendants that the stipulations in the contract for the exclusive right in defendants to sell in Harlan county Fada radio sets was violated, and in sup-

port thereof counsel insists that the Kentucky Mining Supply Company, a corporation doing business in Harlan, Ky., was permitted by plaintiff to handle the same goods within the same territory. The facts upon which that contention is based are: That one R. B. Smith, who was manager of a commissary store for some mining company in Harlan county, desired a Fada radio, but for some reason he was not pleased with the style or price of those handled by defendant, one of which he tested and returned. He had a brother, who was connected with the Kentucky Mining Supply Company, and he requested his brother to procure for him a Fada radio through some brokers in New York City, who purchased goods for the supply company and for which they (brokers) were regularly paid a monthly sum of $25. That New York concern was not shown to be connected in any manner with the manufacturers of Fada radios, whose factory was not in New York City, but at some point on Long Island. At any rate, the supply company ordered through its brokers the character of radio desired by Smith, and it was shipped and later taken by him to his residence; but within a short time he became dissatisfied and returned it, and the supply company, believing that it could be disposed of, took it back and later sold it to another. It was positively shown without contradiction that neither plaintiff nor its principal, the manufacturer of Fada radios, had any connection whatever with the ordering of that single radio set by the supply company, or that either of them ever knew that such an order had been made, much less that it had been filled in the manner indicated.

Under those conditions, the trial court concluded that there had been no violation of the relied-on stipulation in the contract, and we must confess that we can find no room for any other appraisement of the testimony. The brokers in New York, who filled the order of the supply company, could have obtained the single radio set ordered through them from many sources other than the manufacturer or plaintiff, the state distributor. We can find from the testimony in the case no foundation whatever for the contention of counsel in support of this ground.

Wherefore, perceiving no error prejudicial to the substantial rights of the defendants, the judgment is affirmed.